UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
  John Carrier,

                         Plaintiff(s),                       Case No. 1:22-CV-335

          -against-

                                              **VERIFIED COMPLAINT**

New York City Housing Authority,
and The City of New York

                        Defendant(s),
------------------------------------------------------------------X

Plaintiffs **John Carrier**, by his attorneys, SLATER, SGARLATO, & CAPPELLO, P.C., complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

## PARTIES

1.      At the time of the commencement of this action, **John Carrier**, was and still is a resident of the **State of New Jersey**.

2.      That on **November 3, 2020** and at all the times herein mentioned, the defendant **New York City Housing Authority**, hereinafter referred to as "NYCHA", was and now is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

3.      That on **November 3, 2020** and at all the times herein mentioned, the defendant City of New York, hereinafter referred to as "City", was and now is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

## JURISDICTION

4.      This Court has proper subject matter jurisdiction over this action. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1) because there

is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

5.      Venue is proper under 28 U.S.C. § 1391(b) (2).

## FACTUAL STATEMENT

6.      That notice of plaintiff's claim and notice of intention to sue and of the time when and the place where the injuries alleged herein were incurred and sustained was duly filed by the plaintiff with the defendant NYCHA within 90 days after the cause of action herein accrued.

7.      That notice of plaintiff's claim and notice of intention to sue and of the time when and the place where the injuries alleged herein were incurred and sustained was duly filed by the plaintiff with the defendant City within 90 days after the cause of action herein accrued.

8.      That prior to the commencement of this action all of the requirements and conditions precedent have been met or are not required.

9.      That prior hereto on or about December 9, 2020 and within the time prescribed by law, a sworn Notice of Claim stating, among other things, the time when and place where the injuries and damages were sustained, together with Plaintiff's demands for adjustment thereof was duly served on the claimant's behalf on the defendant NYCHA and that thereafter said defendant NYCHA refused or neglected for more than thirty (30) days, and up to the commencement of this action, to make any adjustment or payment thereof, and that thereafter, and within the time provided by law, this action was commenced.

10.      That prior hereto on or about December 9, 2020 and within the time prescribed by law, a sworn Notice of Claim stating, among other things, the time when and place where the

injuries and damages were sustained, together with Plaintiff's demands for adjustment thereof was

duly served on the claimant's behalf on the defendant City and that thereafter said defendant City

refused or neglected for more than thirty (30) days, and up to the commencement of this action, to

make any adjustment or payment thereof, and that thereafter, and within the time provided by law,

this action was commenced.

11.     That on or about April 7, 2021, a statutory hearing was held by defendant NYCHA.

Said hearing is deemed waived by defendant City, who failed to notify plaintiffs of or request said

hearing, despite being made aware of plaintiff's availability for same.

12.     That this action is being commenced within one year and ninety days after accrual

of this cause of action, or within the time allowed by law.

13.     That upon information and belief, at all relevant times herein, the property known

as "Wyckoff Gardens Colony South", located at 272 Wyckoff Street, Brooklyn, New York 11217

County of Kings was owned, maintained, controlled, leased and/or managed by defendant **New

York City Housing Authority**.

14.     That upon information and belief, at all relevant times herein, the property known

as "Wyckoff Gardens Colony South", located at 272 Wyckoff Street, Brooklyn, New York 11217

County of Kings was owned, maintained, controlled, leased and/or managed by defendant C**ity of

New York**.

15.     That upon information and belief, on or about **November 3, 2020**, the plaintiff,

**John Carrier**, was an employee of George S. Hall, Inc. who is not a party to this action.

16.     That upon information and belief, on or about **November 3, 2020**, George S. Hall,

Inc. was a third-party contractor that had recently contracted for the performance of heating,

ventilation, and air conditioning (HVAC) duties and maintenance with NYCHA and assigned to

the building known as "Wyckoff Gardens Colony South", located at 272 Wyckoff Street, Brooklyn, New York 11217.

17.    That upon information and belief, on or about **November 3, 2020**, George S. Hall, Inc. was a third-party contractor that had recently contracted for the performance of heating, ventilation, and air conditioning (HVAC) duties and maintenance with the City of New York and was assigned the building known as "Wyckoff Gardens Colony South", located at 272 Wyckoff Street, Brooklyn, New York 11217.

18.    That upon information and belief, on or about November 3, 2020, the plaintiff, **John Carrier**, was assigned to work at the building known as "Wyckoff Gardens Colony South" located at 272 Wyckoff Street, Brooklyn, New York 11217.

19.    That upon information and belief Defendants, their agents, servants, employees and/or licensees were negligent, reckless and careless in the ownership, operation, control, supervision, inspection, maintenance and/or repair of said building known as "Wyckoff Gardens Colony South" located at 272 Wyckoff Street, Brooklyn, New York 11217; in causing and permitting a hazardous and dangerous condition in said building; in operating and maintaining the building, boiler room, boiler(s) and boiler release/relief valves in a manner which unreasonably endangered the plaintiff; in that said boiler(s) and boiler room within the building had ineffective, inoperable or otherwise defective drains; in failing to properly inspect said boilers and boiler room; in failing to make the necessary repairs in order to correct and eliminate said hazardous and dangerous condition and on otherwise being careless and reckless all of which existed for a long and unreasonable period of time, prior to the occurrence of the accident. All of which the NYCHA and the City, their agents, servants, employees and/or licensees, had timely and proper actual and constructive notice thereof. It is further alleged that the NYCHA and the City, their agents,

servants, employees and/or licensees caused and created the aforesaid condition, so as to place plaintiff in peril, all of which existed for a long and unreasonable period of time, prior to the occurrence of the accident; in causing, permitting, allowing and/or creating said boiler(s) and boiler room at the aforementioned location to be, become and remain in a dangerous, defective, hazardous and unsafe condition; in failing to warn others and especially the plaintiff herein, that there existed a dangerous, defective, hazardous and unsafe condition with said boiler(s) and boiler room; in failing to hire and employ adequate, properly trained and/or sufficient personnel for the purposes of supervising, inspecting, maintaining and repairing said boiler(s) and boiler room in the aforementioned location; in failing to hire and employ any personnel for any or all of the aforementioned purposes; in hiring and employing incompetent, untrained, inadequate and insufficient numbers of personnel to perform, supervision, inspection and maintenance duties at the aforesaid building, on the subject boiler(s); in failing to train and supervise their agents, servants, employees and/or licensees in the proper and necessary inspection and maintenance of said boilers; in failing to promulgate and enforce sufficient rules and regulations for safety standards on said platform; in causing injury to the plaintiff; in failing to keep the plaintiff free from injury notwithstanding the fact that the defendants, their agents, servants, employees and/or licensees, knew of, observed, permitted, caused and/or created the aforesaid defective condition; in violating all applicable laws, statutes, rules, regulations, codes and ordinances then and there in effect and existing at the place and time of the occurrence complained of; and in otherwise being careless, reckless and negligent in the ownership, leasing, operation, control, management, supervision, inspection, maintenance, repair, design, construction, placement, equipping, guarding, renovation, alteration, arranging and conducting the aforesaid boiler(s) or boiler room including but not necessarily limited to, failing to provide the plaintiff with a safe work area and

in generally being negligent and reckless at said boiler(s) or boiler room, all in violation of the laws, statutes, ordinances and regulations made and provided for the safe and proper operation, ownership, management, maintenance supervision and control of said station and platform; and in failing to maintain adequate drainage within said boiler room and causing or creating a condition where the drainage in both the boiler(s) and the boiler room was inadequate.

20.     That upon information and belief, on or about November 3, 2020, at approximately between 8:45 A.M. and 9:15 A.M., Mr. Carrier was cleaning a drain or drains on the boilers, in the boiler room of the aforementioned building at or near the address at 272 Wyckoff Street, Brooklyn, New York 11217.

21.     That upon information and belief, at the aforesaid time and location, the boiler released high-pressured, high-temperature water as a result of a defective condition, causing the plaintiff, **John Carrier**, to sustain first, second and third degree burns about the neck, shoulders, chest, stomach, back, buttocks and upper leg area.

22.     That upon information and belief, at the aforesaid time and location, the boiler released high-pressured, high-temperature water and as a result of a defective condition, high-pressured water was caused to build up, requiring the plaintiff to escape the danger caused by the defective draining and causing the plaintiff, **John Carrier**, to sustain first, second and third degree burns about the neck, shoulders, chest, stomach, back, buttocks and upper leg area.

23.     That by reason of the foregoing, plaintiff, **John Carrier**, sustained injuries to limbs and body and has been confined to hospital, bed and home by reason thereof; that plaintiff has suffered, and continues to suffer severe physical pain and mental anguish; that plaintiff has been disabled from his usual and daily activities by reason thereof, has incurred and will incur expenses for medical care, lost earnings and other economic loss and, upon information and belief, will be

totally and/or partially disabled for a long time to come; upon information and belief, all or some of these injuries will be permanent.

24.    That the aforesaid occurrence and injuries sustained were caused solely by reason of the negligence and carelessness of the defendant, **New York City Housing Authority and The City of New York,** their agents, servants and/or employees.

## THE FIRST CAUSE OF ACTION FOR NEGLIGENCE

25.    The plaintiff repeats and reiterates each and every allegation in paragraphs "1" through "24" with the same force and effect as if fully set forth herein.

26.    That by reason of the foregoing, plaintiff, **John Carrier**, sustained injuries to limbs and body and has been confined to hospital, bed and home by reason thereof; that plaintiff has suffered, and continues to suffer severe physical pain and mental anguish; that plaintiff has been disabled from his usual and daily activities by reason thereof, has incurred and will incur expenses for medical care, lost earnings and other economic loss and, upon information and belief, will be totally and/or partially disabled for a long time to come; upon information and belief, all or some of these injuries will be permanent.

27.    That the aforesaid occurrence and injuries sustained were caused solely by reason of the negligence and carelessness of the defendant, **New York City Housing Authority and The City of New York**, their agents, servants and/or employees.

28.    That the defendant are liable to the plaintiff pursuant to the doctrine of *res ipsa loquitur*.

29.    That no negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

30.    That this action falls within one or more of the exceptions set forth in CPLR §1602.

31.    That as a result of the foregoing, the amount of damages sustained by the plaintiff,

**John Carrier**, exceeds the jurisdictional monetary limits of all the lower Courts in the State of

New York which would otherwise have jurisdiction of this matter.

32.    Pursuant to 28 USC App Fed R Civ P Rule 38, plaintiff hereby demands a trial by

jury for the cause(s) of action herein.

**WHEREFORE**, plaintiffs demand judgment against the defendants in the First Cause of

Acton in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts,

which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of

this action together with costs and disbursements of this action

Dated: Staten Island, New York
   January 20, 2022         **SLATER, SGARLATO & CAPPELLO, P.C.**

                  By:  Shaun Gregory White (SW 7495)
                  1298 Victory Boulevard
                  Staten Island, New York 10301
                  (718)-448-6400
                  swhite@sscpclaw.com
                  File No. 5422

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK      Civil Case No. 1:22-CV-335
==================================================================
John Carrier,

                              Plaintiff(s),

              -against-

New York City Housing Authority,
and The City of New York,

                    Defendant(s).
==================================================================
**SUMMONS AND VERIFIED COMPLAINT**
==================================================================
SLATER, SGARLATO & CAPPELLO, P.C.
Attorneys for Plaintiff(s)
Office & P.O. Address
1298 Victory Boulevard
Staten Island, New York 10301
(718) 448-6400
==================================================================
To:                                     Service of a copy of the within
is hereby admitted.


Dated:_____20____
Attorney(s) for
==================================================================
PLEASE TAKE NOTICE:

[] NOTICE OF ENTRY
that the within is a (certified) true copy of a duly entered in the office of the clerk of the within
named court on
20      .

[] NOTICE OF SETTLEMENT
that an order of which the within is a true copy will be presented for settlement to the HON. one
of the judges of the within named Court, at                              on
20      at      M.

Dated                              Yours, etc.
                                   **SLATER, SGARLATO & CAPPELLO, P.C.**